# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MOHANNED HONARI, et al.,<br><br>Defendant(s). | Case No. 2:19-CR-300 JCM (EJY)<br><br>ORDER |

Presently before the court is petitioner Darren Eugen Vaden's motion for early termination of supervised release (ECF No. 451). The government filed a notice of non-opposition (ECF No. 463). For the reasons set forth below, the court GRANTS Vaden's motion.

## I.   Background

Vaden pled guilty to conspiracy to commit bank fraud and served his sentence of six months in custody followed by six months of home confinement. (ECF No. 261). He informs the court that he began his five-year term of supervised release on April 12, 2022. (ECF No. 451, at 2).

Vaden now moves for early termination of his supervised release, arguing that he meets both the statutory and discretionary criteria for early termination. (*Id*.). The government filed a response in non-opposition, deferring to the decision of this court. (ECF No. 463, at 1).

## II.   Legal Standard

Pursuant to 18 U.S.C. Section 3583(e), the court may terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released

**James C. Mahan**
**U.S. District Judge**

and the interest of justice." 18 U.S.C. § 3583(e)(1). But before granting such early termination of supervised release, the court must consider the factors outlined in 18 U.S.C. Section 3553(a) and explain its decision. *Id.*; *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The factors the court must consider include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4). To warrant termination, the defendant need not show undue hardship, changed circumstances, or even exceptionally good behavior. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). However, the defendant still carries the burden to show that, on balance, the relevant sentencing factors weigh in favor of termination. *Id.* The district court has "broad discretion in determining whether to grant a motion to terminate supervised release" and can "consider a wide range of circumstances." *Emmett*, 749 F.3d at 819.

### III.   Discussion

Vaden argues that his conduct warrants early termination of supervised release because he has complied with his conditions, meets the statutory and discretionary criteria for early termination, and termination is warranted under the *Guide to the Judiciary Policy*. (ECF No. 451, at 2–3). The *Guide to Judiciary Policy*[1] instructs that there is a presumption in favor of early termination for defendants who have served at least 18 months of supervised release and meet several other criteria.

---

[1] The Administrative Office of the United States Courts ("AO"), under the Judicial Conference's direction, publishes the Guide to Judiciary Policy, which is "the official repository of the federal judiciary's administrative policies." AO, *Guide to Judiciary Policy*, https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy (last visited March 15, 2024).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Vaden informs the court that he is requesting early termination of his supervised release to obtain better employment that will allow him to support his family financially and make larger restitution payments. (ECF No. 451, at 4). He asserts that he has been sufficiently deterred from committing further crimes—as illustrated by his clean record since beginning supervision—and is neither a habitual nor violent offender. (*Id*. at 3). Petitioner asserts he has complied fully with his supervision requirements, and the court is unaware of any violations. (*Id*.). He also discusses his supportive relationships with his family and community. (*Id*. at 4, 3).

Regarding Vaden's efforts to obtain training and employment—he informs the court that he has sought better employment opportunities by attending commercial drivers' license school. (*Id.* at 3–4). However, he has been unable to find a truck-driving position because positions that do not require travel outside of Nevada require "at least two years of driving experience," and the terms of his supervised release do not allow him to travel outside the state. (*Id*. at 3–4).

The court acknowledges Vaden's progress since his release and finds that the factors outlined in 18 U.S.C. § 3553(a) support early termination. He also meets the criteria set forth in the *Guide to the Judiciary Policy*: he is not a career criminal; he presents no harm to the public; he has had no violations over the past year; he demonstrates an ability to lawfully self-manage; he is in full compliance with his terms of supervision; and he has enough prosocial support to remain lawful. 8E *Guide to Judiciary Policy* § 360.20 (2023). The government does not oppose early termination.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Darren Eugen Vaden's motion for early termination of supervised release (ECF No. 451) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Darren Eugen Vaden's motion for permission to travel out of state for employment (ECF No. 388) be, and the same hereby is, DENIED as moot.

DATED March 15, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**